PER CURIAM.
Appellant Daniel Grant seeks review of the denial without an evidentiary hearing, of his Rule 3.850 CrPR, 33 F.S.A., motion to vacate a judgment of conviction and sentence of death. The Florida Supreme Court had affirmed the conviction and sentence on direct appeal, Grant v. State, Fla.1965, 171 So.2d 361, and it appears he has sought other post-conviction relief.
The points presented on appeal are: (1) The lower court erred in denying a motion to vacate judgment of conviction and sentence where the trial judge had excluded prospective jurors due to their general objections against the imposition of capital punishment. (2) The lower court erred in denying the defendant’s motion to vacate on the basis of the trial court’s refusal to allow questions by defense counsel touching upon an alleged third-party’s confessions and denial of a defense motion for continu- *520 anee of the defendant’s asserted rights to comment on matters having political connotation or to present testimony relating thereto.
The motion to vacate contained three grounds. We quote from order denying the motion as fully disposing of the first two grounds.
“(1) Defendant’s allegation that the trial court committed error by refusing to allow ‘during trial — questions by the defense counsel touching upon an alleged third-party’s confessions’ ... is not a valid ground for relief under Rule 1.850. Further, said ground for relief was considered by the Supreme Court of Florida on the direct appeal of Defendant’s conviction and was decided adversely to Defendant. See Grant v. State, 171 So.2d 361 at 362.
“(2) Defendant’s allegations that the trial court committed error ‘when it denied defendant’s pro se motion for continuance of movant’s asserted rights to make comment on matters having political connotations or to present testimony in connections therefor’ ... is not a valid ground for relief under Rule 1.850. Further, said ground for relief was considered by the Supreme Court of Florida on the direct appeal of Defendant’s conviction and was decided adversely to Defendant. See Grant v. State, 171 So.2d 361 at 362.”
The appellant also asserted that the trial court committed fundamental error in excluding five prospective jurors. See: Witherspoon v. Illinois (1968), 391 U.S. 510, 20 L.Ed.2d 776, 88 S.Ct. 1770 and § 932.20, Fla.Stat., F.S.A.
Each prospective juror was asked this initial question regarding his views on the imposition of capital punishment:
“. . . If we prove beyond and to the exclusion of a reasonable doubt that the defendant here did murder and kill the deceased, and it meets the criteria under the law that establishes it as first-degree murder, and we prove to you that this man is and does stand guilty of first-degree murder, knowing that and having been proven to you beyond a reasonable doubt, would you still be unable to vote a verdict of guilty as charged because of your belief against capital punishment?”
The following responses, in pertinent part, were given:
1. Venireman Kemp:
“Sir, if I felt that the accused — If I felt that the verdict of guilty would send this man to the electric chair, I just couldn’t reach a decision. I wouldn’t want to be held accountable for sending the man to the electric chair, and I would explain the reason, if you would like to hear it.”
2. Venireman Lyday:
“I would not cast a vote if it resulted in the death penalty.”
3. Venireman Levy:
“I couldn’t vote guilty on that.”
4. Venireman Krause:
“Mr. Jones: . . . [Wjould you still be unable to return a verdict of guilty or vote for a verdict of guilty, even though the State had proven the case?
“Mr. Krause: I could not sentence him to death.
“Mr. Jones: Would you be unable to vote for a verdict of guilty, sir ?
“Mr. Krause: I could not sentence him to death.
“The Court: You are using some words that you probably do not understand. You must realize that only a court can sentence someone. He is asking whether you, as a juror, can return a verdict which would have the result of the death sentence, if imposed by the law as charged in this case; could you or could you not?”
*521 'Mr. Krause: No I could not.'
The trial court also correctly denied the motion to vacate on this third ground, Campbell v. State, Fla.1969, 227 So.2d 873, cert. dism’d (1970) 400 U.S. 801, 91 S.Ct.7, 27 L.Ed.2d 33; Williams v. State, Fla.1969, 228 So.2d 377.
The order appealed is affirmed.
Affirmed.